## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAINE WILKINS,** | : | **CIVIL ACTION NO. 1:21-CV-1094** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GARRY HAIDLE,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a civil rights case in which plaintiff Jamaine Wilkins alleges that he received constitutionally inadequate medical care for a MRSA infection while he was a pretrial detainee in the Monroe County Correctional Facility ("MCCF"). We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice and plaintiff will be granted leave to file an amended complaint.

## I.  Factual Background & Procedural History

According to the allegations in Wilkins's complaint, Wilkins was confined as a pretrial detainee in MCCF on June 1, 2021 when he filed a sick call request regarding two large lumps on his hip. (Doc. 1 at 6). Wilkins did not get a reply, and on June 3, 2021, he told defendant Rivera, a correctional officer, that his hip was hurting. (Id.) Rivera told him he should file another sick call request. (Id.) Wilkins filed another sick call request on June 6, 2021. (Id.)

Later that day, Wilkins spoke with defendant Hailet, a nurse in the prison, who told him he should write another sick call request. (*Id.*) He did so on the same day and was then seen by defendant nurse "Christine"[1] later that day. (*Id.*) Christine diagnosed the problem with Wilkins's hip as a MRSA[2] infection. (*Id.*) Christine prescribed him medication and placed him in medical quarantine. (*Id.*) Three days later, he was told that he would remain in quarantine for an additional ten days. (*Id.*) Wilkins alleges that he requested to see a doctor but never saw one. (*Id.* at 7).

At the end of the ten-day quarantine period, Wilkins saw another nurse, "Catrisse,"[3] who allegedly gave a "different diagnosis" by saying that it was a Staph infection, "when in reality [it was] MRSA." (Id.) Wilkins then asked if he was going to be allowed to return to general population because his quarantine was only supposed to last ten days. (Id.) Catrisse told him that because his wound had not healed he could not return to general population. (Id.)

Wilkins alleges that his course of medication ended on June 15, 2021 despite the fact that he still had "a hole in [his] hip from MRSA." (Id.) He alleges that he continued to go to the medical department for care every day after the medication course ended. (Id.)

Wilkins asserts that his MRSA infection was caused by the conditions in the prison because the prison is unsanitary, the prison gives prisoners used clothes

---

[1] No last name is given in the complaint.
[2] Methicillin-resistant Staphylococcus aureus.
[3] No last name is given in the complaint.

upon their entry into the prison, and the prison is overcrowded.  (Id.)  He alleges that inmates are given "soiled, dirty" t-shirts, underwear, socks, sheets, and mattresses.  (Id.)  He raises a claim for deliberate indifference to a serious medical need and a claim for failure to protect, which the court construes as a claim for deliberate indifference to unconstitutional conditions of confinement.  (Id.)  He seeks compensatory and punitive damages, declaratory relief, and an injunction requiring the prison to throw away all used clothes.  (Id. at 9-10).

## II.   **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[4] 28 U.S.C. § 1915A.[5]  The court is required to identify cognizable claims

---

[4] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[5] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.   Discussion

Wilkins brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).  The court will analyze Wilkins's two Section 1983 claims *seriatim*.

### A.  Deliberate Indifference to a Serious Medical Need

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty.

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192,

197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a

physician as requiring treatment or one that is so obvious that a lay person would

recognize the necessity for a doctor's attention." Monmouth Cnty. Corr.

Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if

unnecessary and wanton infliction of pain results as a consequence of denial or

delay in the provision of adequate medical care, the medical need is of the serious

nature contemplated by the eighth amendment." Id. (citation omitted). A prison

official acts with deliberate indifference to an inmate's serious medical needs when

he "knows of and disregards an excessive risk to inmate health or safety; the official

must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference."

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Wilkins's allegation that he had a MRSA infection is sufficient to allege a

serious medical need. Wilkins fails, however, to allege that defendants were

deliberately indifferent to that need. According to the allegations in the

complaint, Wilkins's sick call requests on June 1, 2020 and June 6, 2020 did not

state that he was suffering from a MRSA infection, but rather that he was

experiencing lumps on his hip and pain in his hip. Wilkins was nevertheless

seen for a medical appointment on June 6, 2020 based on his hip complaints.

During that appointment, defendant Christine diagnosed the problem as a

MRSA infection. After the MRSA diagnosis was made, Wilkins was

immediately prescribed medication and placed in quarantine for a significant

period of time.  Wilkins continued to receive treatment for the MRSA infection every day after the medication course and the quarantine ended.

These allegations simply do not show deliberate indifference to a serious medical need.  To the contrary, the allegations show that defendants took immediate and significant action to treat Wilkins's MRSA infection as soon as they knew about the infection.  We will therefore dismiss Wilkins's claim for deliberate indifference to a serious medical need.

### B. Deliberate Indifference to Conditions of Confinement

To state a claim for deliberate indifference to unconstitutional conditions of confinement, a plaintiff must allege conditions of confinement that are so reprehensible as to be deemed inhumane under contemporary standards or conditions of confinement that deprive an inmate of minimal civilized measures of the necessities of life.  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  Plaintiffs bringing conditions of confinement claims must allege (1) that they were subjected to an objectively, sufficiently serious deprivation that resulted in the denial of minimal civilized measures of life's necessities and (2) that the defendant prison official was deliberately indifferent to inmate health or safety.  Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (citing Farmer, 511 U.S. at 834).  The defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety."  Id. (quoting Farmer, 511 U.S. at 837).  An evaluation of the context of the claim is necessary.  "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but

6

only when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need such as food, warmth, or exercise—for example a low cell temperature at night combined with a failure to issue blankets." Id. at 304.

Wilkins's conditions of confinement claim is based on allegations that the prison is unsanitary, that inmates in the prison are given used and dirty clothing and bedding, and that the prison is overcrowded. His claim fails because he does not allege that any of the defendants were personally involved in these alleged deprivations. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id.

Wilkins's complaint makes general statements about the conditions of his confinement, but does not allege which defendants were personally involved in the facts giving rise to the conditions of confinement or how the defendants' actions

constituted deliberate indifference.  Absent such allegations, the complaint fails to state a conditions of confinement claim upon which relief may be granted.[6]

### C.  Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  <u>Phillips</u>, 515 F.3d 224, 245 (3d Cir. 2008).  Leave to amend is appropriate here because Wilkins's claims are factually, rather than legally, deficient.

## IV.  <u>Conclusion</u>

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and grant plaintiff leave to file an amended complaint.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 24, 2021

---

[6] Given our conclusion that dismissal is appropriate for failure to allege personal involvement, we do not decide whether the conditions of confinement alleged in the complaint are sufficient to state a claim upon which relief may be granted.